# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY S. GAINES and CAROL M. GAINES,**

    Plaintiffs,

  v.                                                                                      **Case No. 17-cv-1109**

**JPMORGAN CHASE BANK NA and
CLEAR CAPITAL.COM INC,**

    Defendants.

## DECISION AND ORDER ON MOTIONS

Jeffrey S. Gaines and Carol M. Gaines ("Gaines") filed this action on August 10, 2017, alleging breach of contract and tortious interference with a contractual relationship. The matter was randomly assigned to this Court, and all parties consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).

On November 10, 2017, Defendant JPMorgan Chase Bank ("Chase") filed a motion to dismiss this action. *See* Motion to Dismiss, ECF No. 18. Defendant Clear Capital.com ("Clear Capital") filed a Motion for Judgment on the Pleadings on November 16, 2017. *See* Motion for Judgment on the Pleadings, ECF No. 21. As a matter of course, Gaines filed an Amended Complaint on November 30, 2017. *See* Amended Complaint, ECF No. 23. On December 28, 2017 and December 29, 2017, respectively, Defendants Clear Capital and Chase filed a Second Motion for Judgment on the Pleadings and a Motion to Dismiss Plaintiffs' Amended

Complaint. *See* ECF Nos. 29 & 30. On January 18, 2018, Gaines filed a brief in response to both motions as well as a Motion to Amend Complaint a second time. ECF No. 33. The defendants subsequently filed reply briefs in support of their respective motions as well as responses to plaintiffs' Motion to Amend Complaint a second time. *See* ECF Nos. 34, 35, & 36. Accordingly, the motions are now ready for resolution.

I.   **Factual Background**

The Court takes the following facts from Gaines's amended complaint, accepts them as true, and draws all reasonable inferences in his favor. *See Brumfield v. City of Chi.*, 735 F.3d 619, 622 (7th Cir. 2013). Gaines is a Wisconsin citizen who resides within the Eastern District of Wisconsin. Am. Compl. ¶ 1. Defendant JPMorgan Chase Bank is a national banking corporation and a citizen of Ohio. Defendant Clear Capital is a corporation with its primary place of business in Nevada and is incorporated in California, making it a citizen of both states.

On or about July 20, 2016, Gaines entered into a contract with Chase to refinance their mortgage. *Id*. ¶ 5. Chase conditionally approved Gaines for a refinance loan and requested documents to be sent to Chase in order to move forward with the approval process. *Id*. The refinance loan was to be for a 30-year, fixed-rate loan in the amount of $609,500 at 3.875% with estimated monthly payments of $2,866.10. *Id*. ¶ 6. A copy of the mortgage conditional approval letter is attached to the complaint as Exhibit A. *Id*. ¶ 5. The conditional approval letter required Gaines to complete or provide several items to Chase. *Id*. ¶ 8. Gaines

2

supplied all requested documents and met all criteria to lock in the refinance loan in a timely manner. *Id.* ¶ 9. On September 1, 2016, Chase provided Gaines with a written mortgage commitment letter confirming that the refinance loan was approved. *Id.* ¶ 10. This commitment letter is appended as Exhibit B. *Id.*

After Gaines complied with all his obligations under Exhibits A and B, Chase arranged for an appraisal of the Gaines property to be conducted. *Id.* ¶ 12. Chase hired Clear Capital to obtain the appraisal of the property and Clear Capital retained a third-party appraiser to conduct the Gaines appraisal. *Id.* ¶¶ 13, 14. The third-party appraiser told Clear Capital that he was unqualified to do the appraisal but Clear Capital insisted that he do it anyway. *Id.* ¶ 14. On July 29, 2016, the appraiser submitted his written appraisal, estimating the Gaines's house value at $851,000. *Id.* ¶ 15.

Clear Capital and/or Chase attempted to get the appraiser to lower his valuation of the property, and the appraiser subsequently altered his opinion of the value of the Gaines property, lowering the estimated fair market value to $750,000. *Id.* ¶¶ 16,17. The condition and marketability of the Gaines property had not changed between the first appraisal and the second. *Id.* ¶ 18. The second opinion as to value was still sufficient to qualify Gaines for the refinance loan. *Id.* ¶ 21.

Chase directed Clear Capital to obtain a drive by appraisal, which resulted in the appraiser estimating the Gaines property to be worth $426,000. *Id.* ¶¶ 22, 23, 25. Gaines asserts that a drive by appraisal was inappropriate because the property is unique and cannot be appraised effectively upon cursory inspection from the

3

outside. *Id.* ¶ 24. Chase used the drive by appraisal as grounds to cancel the refinance loan, and Gaines was unable to refinance his home on the committed terms. *Id.* ¶ 26. Gaines suffered damages of $366.90 per month from November 2016 forward and will suffer such damages through February 1, 2038. *Id.* ¶ 28.

Gaines states two causes of action in his complaint: (1) Chase breached the contract to refinance Gaines's mortgage by not refinancing the loan as required; and (2) Clear Capital interfered with the contract between Chase and Gaines by hiring an unqualified appraiser, implicitly or explicitly suggesting the appraiser change his valuation of the property, and ordering a "drive by" appraisal to render an inappropriate and ineffective appraisal of the Gaines' property. ¶¶ 29-37. Gaines seeks damages, costs, and fees as are allowed by law. Am. Compl. at 7.

## II. Discussion

Currently pending before the Court are three motions: a motion to dismiss filed by Chase, a motion for judgment on the pleadings filed by Clear Capital, and a motion for leave to file a second amended complaint filed by Gaines. The Court will address each motion in turn.

### A. Standard on Motion to Dismiss

Defendant JPMorgan Chase Bank brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to "challenge the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Zemeckis v.*

4

*Global Credit & Collection Corp.*, 679 F.3d 632, 634–35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Zemeckis*, 679 F.3d at 635 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "take the facts from the complaint, accept them as true, and draw reasonable inferences in favor of the plaintiffs." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 908 (7th Cir. 2013).

"A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. (10)(c). Thus, when analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "consider documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

### a. Legal Analysis

Gaines's first cause of action is a breach of contract claim in which he alleges that a contract to refinance Gaines's mortgage existed between Gaines and Chase; that Gaines fulfilled all his obligations under the contract; that Chase directly breached the contract by not refinancing the loan as required; and that Gaines suffered damages as a result of Chase's conduct. Am. Compl. at ¶¶ 29-33. Chase argues that Gaines's contract claim fails because (1) no contract was formed between Gaines and Chase, (2) Chase reserved the right to cancel the loan commitment, (3) Gaines's claim is barred by Wisconsin's statute of frauds, and (4)

5

there are insufficient factual allegations to support the claim. Def.'s Mot. to Dismiss 1. Because the applicability of the statute of frauds is apparent on the face of the amended complaint, the Court will grant Chase's motion to dismiss on that ground.

In response to Chase's motion to dismiss, Gaines does not dispute that the statute of frauds applies to this case, but instead contends that Chase waived the statute of frauds defense by not raising it in its first motion to dismiss. *See* Pl.'s Resp. 10. Gaines bases this argument on his reading of Fed. R. Civ. P. 12(g) which prohibits a defendant from raising a defense or objection that was available earlier but omitted from the first motion. *Id.*

As Chase points out, however, Gaines has misread Rule 12(g)(2), which simply requires litigants to consolidate certain dismissal arguments in a single motion. *See* Fed. R. Civ. P. 12(g)(2). The Seventh Circuit has held that Rule 12(g)(2) does not prohibit a new rule 12(b)(6) argument from being raised in a successive motion, but that "[r]ule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the rule 12(g) consolidation requirement." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Moreover, even if the consolidation requirement applied to Rule 12(b)(6) arguments, a defense is only waived under Rule 12(g)(2) if the defense was available earlier but omitted from the first motion. Here, Gaines filed his original complaint without any attachments or exhibits, so the issue of whether the commitment letter from Chase was signed was never raised until Gaines filed his amended complaint with the relevant documents attached. *See* Pl.s Compl., ECF No. 1. As Chase had no

6

way of knowing that the statute of frauds defense would apply before Gaines filed his amended complaint with the applicable exhibits, Chase raised the statute of frauds defense in a timely manner and thus did not waive it.

As to the merits of the defense, Wisconsin's statute of frauds provides that "no action may be brought against a financial institution . . . in connection with any of the following offers, promises, agreements, or commitments of the financial institution unless the offer . . . or commitment is in writing . . . and is signed with an authorized signature by the financial institution . . . and delivered to the party seeking to enforce the . . . commitment." Wis. Stat. § 241.02(3)(b). Attached to Gaines's amended complaint as Exhibit B is a mortgage commitment letter from Chase to Gaines that conditionally approved Gaines's refinance loan. Notably, this commitment letter is not signed by either party. Ex. B at 5. No signature means no contract.

In response, Gaines relies on an Ohio case that provides that "[t]he statute of frauds is . . . a fact-sensitive affirmative defense" and "a motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint." *Brannon v. Edman*, 2018-Ohio-70, P9, 2018 Ohio App. LEXIS 83, \*5, 2018 WL 357458. As Chase contends in its reply brief, the applicability of the statute of frauds is established on the face of the complaint because (1) Gaines's amended complaint does not allege that Chase delivered a signed commitment letter to Gaines, and (2) Gaines includes as an exhibit a copy of the unsigned commitment letter. *See* Def.'s Mot. to Dismiss 6.

7

Taking the plain language of the statute together with Gaines's amended complaint and attachments thereto, it is evident that Wisconsin's statute of frauds for financial institutions bars Gaines's breach of contract claim against Chase Bank. Accordingly, the Court will grant Chase's motion to dismiss.

### B. Standard on Judgment on the Pleadings

Defendant Clear Capital brings its motion for judgment on the pleadings pursuant to Fed R. Civ. P. 12(c). Def.'s Mot. for Judgment on the Pleadings 1. Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and an answer. *See* Fed. R. Civ. P. 12(c). When ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), the Court applies the standard of review applicable to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief.'" *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)).

"Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. In resolving a Rule 12(c) motion, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011).

8

"[H]owever, [the court is] not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *N. Ind. Gun*, 163 F.3d at 452 (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).

### b. Legal Analysis

Gaines's second cause of action is a tortious interference with contract claim against Clear Capital, in which Gaines alleges that Clear Capital illegally interfered with the contract between Gaines and Chase Bank to refinance Gaines's mortgage. Am. Compl. at 6. Clear Capital argues that Gaines's tortious interference claim fails as a matter of law and must be dismissed because (1) Gaines had no contractual relationship with Clear Capital and (2) Gaines fails to allege that Clear Capital owed him a duty of any kind.

As to the absence of a contractual relationship with Clear Capital, this alone is not fatal. Tortious interference claims may be brought against those who frustrate not only consummated but also prospective relationships. *See Cudd v. Crownhart*, 122 Wis. 2d 656, 658, 364 N. W.2d 158, 1985 Wisc. App. LEXIS 3033.

To support its duty argument, Clear Capital relies on *Marine Travelift, Inc.*, which provides that under Wisconsin law "there must be a duty existing independently of the performance of a contract for a cause of action in tort to exist." *Marine Travelift, Inc. v. Marine Lift Sys., Inc.*, 2012 U.S. Dist. LEXIS 115032, 2012 WL 3494306. Clear Capital then asserts that Gaines has not alleged the failure of any duty.

9

In *Marine Travelift*, two corporations, Marine Travelift Inc. (MTI) and Marine Lift Systems Inc. (MLS), entered into a distributorship agreement in which MLS agreed to serve as a distributor of the full range of MTI products. *Id*. In bringing its action, MLS alleged that MTI made representations to potential customers that MLS was no longer an approved dealer for MTI when in fact MLS remained MTI's distributor. By falsely stating that MLS was no longer its distributor, MLS claimed that MTI tortiously interfered with MLS's current and prospective contractual relations. *Id*. The court dismissed MLS's tortious interference claim because there MLS's action should have been brought as a contract claim for breach of the distributorship agreement.

*Marine Travelift* is therefore inapplicable to the dispute between Gaines and Clear Capital, who have no underlying contractual agreement between them. The absence of a contractual agreement between the parties is hardly fatal to a tortious interference claim. In fact, the elements of a tortious interference claim only requires there to be a final or prospective contract between plaintiff and a third party, not plaintiff and the tortfeasor. *See Duct-OWire Co. v. U.S. Crane, Inc.*, 31 F.3d 506, 509 (7th Cir. 1994).[1]

---

[1] It is only when a tortious interference claim arises out of a contract must a duty, independent of that contract, exist. A "plaintiff cannot recover in tort for intentional interference with a prospective contractual relation when tort and contract claims are based on the same underlying facts. *See Marine Travelift, Inc.*, 2012 WL 3494306 (citing *Gillen v. Atlanta Systems, Inc.*, 997 F.2d 280, 285 (7th Cir. 1993)).

10

Finally, Clear Capital argues that Gaines's tortious interference claim should be dismissed because Gaines fails to allege facts which give rise to a claim that is plausible on its face. Specifically, Clear Capital maintains that Gaines cannot prove any facts to satisfy the elements of tortious interference and thus support his claim. Gaines's complaint belies that argument.

To ultimately prevail on a tortious interference claim in Wisconsin, a plaintiff must establish that (1) an actual or prospective contract existed between the plaintiff and a third party; (2) the defendant interfered with that contractual relationship; (3) the interference was intentional; (4) a causal connection exists between the defendant's interference and the plaintiff's damages; and (5) the defendant was not justified or privileged to interfere. *See Duct-OWire Co.*, 31 F.3d 506, 509 (7th Cir. 1994).

To survive a motion for judgment on the pleadings, a plaintiff must allege facts which give rise to a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, Gaines has pled just enough to satisfy this standard. The essentials are there, though not much more. But "just enough" is all the pleading rules require.

**C. Motion to Amend Complaint a Second Time**

In January 2018, Gaines filed a motion for leave to file a second amended complaint, ECF No. 33. Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course, and in all other cases, a party may only amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a).

11

Gaines filed his first amended complaint as a matter of course on November 30, 2017, ECF. No. 23, and as neither opposing party in this matter has given consent for Gaines to file a second amended complaint, he can only do so with the Court's permission. Because Gaines's motion is untimely, does not comply with local rules, and amendment would ultimately be futile, the Court will not give leave for Gaines to amend his complaint a second time.

There are multiple issues with Gaines's motion to amend a second time. First, the deadline to amend the pleadings for plaintiff was "no later than December 8, 2017." Scheduling Order, ECF No. 28. Second, in filing his motion Gaines failed to follow this district's local rules. Local Rule 15 states that "a motion to amend a pleading must state specifically what changes are sought by the proposed amendments" and "the proposed amended pleading must be filed as an attachment to the motion to amend." Civ. L. R. 15(b). Although Gaines states that he wishes to file a second amended complaint to add new claims, he does not append a proposed amended complaint to his motion—the purpose of which is to give the opposing side and the court notice of the claims being brought. *See* Pl.'s Mot. to Am. Compl.

Lastly, the Court will not give leave to amend when amendment would be futile. In his response to the defendants' motion to dismiss and motion for judgment on the pleadings, Gaines states that if the Court accepts Chase Bank's statute of fraud defense, Gaines should be allowed to amend his complaint to pursue his own fraud claim against Chase. *See* Pl.'s Resp. 11-12. Gaines contends that the failure to sign a commitment letter might itself be fraudulent in violation of Wis. Stat. §

12

100.18, which prohibits any employee of a corporation from making misleading representations where those representations are intended to "in any way dispose of . . . anything offered by such . . . corporation. *See* Wis. Stat. § 100.18; *see also* Pl.'s Resp. 13.

Without conceding the viability of a misrepresentation claim, there is no way such a claim could be supported by the factual allegations in Gaines's pleading. In his amended complaint, Gaines makes no reference to any representations that were misleading, deceptive or untrue, as required by the statute, nor does Gaines allege that Chase had the intent to defraud.

Moreover, Fed. R. Civ. P. 9(b) requires heightened pleading for fraud claims: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he level of particularity required under 9(b) . . . ordinarily requires describing the who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). The facts of Gaines's complaint as alleged do not meet this standard.

Therefore, the court will decline to allow Gaines to amend his complaint a second time as an amendment to add a misrepresentation claim would be futile.

### III. Conclusion

For all the foregoing reasons, Chase Bank's motion to dismiss will be granted, Clear Capital's motion for judgment on the pleadings will be denied, and Gaines's motion to amend complaint will be denied.

**NOW THEREFORE IT IS ORDERED** that ClearCapital.com Inc.'s Second Motion for Judgment on the Pleadings, ECF No. 29, is **DENIED**

**IT IS FURTHER ORDERED** that JPMorgan Chase Bank NA's Motion to Dismiss for Failure to State a Claim, ECF No. 30, is **GRANTED.** Gaines takes nothing from his amended complaint regarding JPMorgan Chase Bank.

**IT IS ALSO ORDERED** that plaintiffs' Motion to Amend/Correct Complaint a Second Time, ECF No. 33, is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge