# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY S. GAINES and CAROL M. GAINES,

          Plaintiffs,

       v.                                      Case No. 17-CV-1109

JP MORGAN CHASE BANK NA,
and CLEARCAPITAL.COM, INC.,

          Defendants.

## ORDER

On November 5, 2018, Magistrate Judge David Jones issued an order granting defendant JP Morgan Chase Bank's (Chase) motion to dismiss, denying defendant ClearCapital.com, Inc.'s motion for judgment on the pleadings, and denying plaintiffs Jeffrey and Carol Gaines's motion to file a second amend the complaint. (ECF No. 44.) A little over a month later, the plaintiffs and ClearCapital.com filed a stipulation that all claims asserted by the plaintiffs against ClearCapital.com were dismissed. (ECF No. 45.) The case was terminated the same day.

Nearly six months after Judge Jones entered his order, the plaintiffs filed a "Motion for Relief from Judgment" pursuant to Rule 60(b)(1) of the Federal Rules of Civil

Procedure. (ECF No. 46.) The court, however, has thus far mistakenly failed to enter judgment. This error proves inconsequential to the plaintiffs' present motion; it is material only insofar as the motion is more properly a Motion for Relief from an Order rather than one for relief from judgment. In their motion, the plaintiffs ask that the court reconsider Judge Jones's decision denying their motion to file a second amended complaint. Due to the unavailability of Judge Jones, the case was reassigned to this court. All parties subsequently consented to the jurisdiction of this court. (ECF Nos. 52, 53.) The motion for relief from judgment has been fully briefed and is ready for resolution.

1. **Facts**

Jeffrey and Carol Gaines filed this action alleging breach of contract (against Chase) and tortious interference with a contractual relationship (against ClearCapital.com) relating to the refinancing of their mortgage. (ECF No. 1.) Chase filed a motion to dismiss the complaint. (ECF No. 18.) In response, the plaintiffs filed an amended complaint, which also contained one cause of action against Chase, for breach of contract. (ECF No. 23.)

Chase filed a second motion to dismiss. (ECF No. 30.) In addition to filing a brief opposing Chase's motion (ECF No. 32), the plaintiffs filed a motion to file a second amended complaint (ECF No. 33). The motion to file a second amended complaint did not attach a copy of the proposed second amended complaint as required by Civ. L. R. 15(b). Chase opposed the motion to file a second amended complaint. (ECF No. 36.)

On November 5, 2018, Judge Jones entered an order granting Chase's motion to dismiss on the ground that the breach of contract claim was barred by the statute of frauds. (ECF No. 44 at 5-8.) The order also denied the plaintiffs' motion to file a second amended complaint on the grounds that the "motion is untimely, does not comply with local rules, and amendment would ultimately be futile[.]" (*Id.* at 12.)

As to the untimeliness of the motion, citing the court's scheduling order, Judge Jones stated that "the deadline to amend the pleadings for plaintiff was 'no later than December 8, 2017.'" (ECF No. 44 at 12.) As to the failure to comply with local rules, Judge Jones stated that the motion failed to comply with Civil Local Rule 15's requirements that "a motion to amend a pleading must state specifically what changes are sought by the proposed amendments" and "the proposed amended pleading must be filed as an attachment to the motion to amend." (*Id.*)

And as to the futility of the proposed amendment, Judge Jones addressed the plaintiffs' argument that, if the court accepts Chase's statute of frauds defense, they ought to be allowed to amend their complaint to pursue their own fraud claim against Chase. Specifically, the plaintiffs claimed that the failure to sign a commitment letter might itself be fraudulent in violation of Wis. Stat. § 100.18, which prohibits any employee of a corporation from making misleading representations where those representations are intended to "in any way dispose of…anything offered by such…corporation." Without conceding the viability of a misrepresentation claim, Judge Jones stated that "there is no

3

way such a claim could be supported by the factual allegations in [plaintiffs'] pleading. In [their] amended complaint, [plaintiffs] make[] no reference to any representations that were misleading, deceptive or untrue, as required by the statute, nor do[] [plaintiffs] allege that Chase had the intent to defraud." (ECF No. 44 at 12-13.) Judge Jones also concluded that the plaintiffs had not met the heightened pleading standard of Fed. R. Civ. P. 9(b). (*Id*.)

### 2. Motion for Relief from Judgment

Rule 60(b)(1), upon which the plaintiffs rely in bringing the present motion, provides that the court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." In their motion for relief from judgment, the plaintiffs contend that their "proposed amendments" contained sufficient allegations of fraud to satisfy Fed. R. Civ. Pr. 9. (ECF No. 47.) The motion references specific allegations from paragraphs from a Second Amended Complaint. (*Id*. at 2-3.) But, again, no proposed Second Amended Complaint has yet been filed—not only was it not attached to the original motion to amend filed before Judge Jones, the plaintiffs did not attach a proposed Second Amended Complaint to their present motion for relief from judgment.

In opposing the plaintiffs' motion, Chase begins by pointing out that it does not address either of the first two bases Judge Jones gave for denying their motion to file a Second Amended Complaint: because the motion was untimely, filed substantially after

4

the deadline in the scheduling order for amending the complaint, and because the plaintiffs did not comply with Civil Local Rule 15, which they still have not. (ECF No. 50 at 2-3.)

Chase also contends that the plaintiffs have not shown that they are entitled to relief under Fed. R. Civ. P. 60(b)(1). Chase argues that the plaintiffs have not identified any mistake, inadvertence, surprise or excusable neglect. (ECF No. 50 at 4.) Finally, noting that the plaintiffs still have not submitted a proposed Second Amended Complaint as required by Civil Local Rule 15, rendering puzzling its citation to such a document, Chase contends that the plaintiffs still have not shown that any further amendment would be anything other than futile. (*Id.* at 7-8.) Any allegation that Chase had a "present intent not to perform" is belied by the plaintiff's Amended Complaint, which expressly alleged that the letter attached to the Amended Complaint as Exhibit A "was intended by the parties to become a binding contract[.]" (*Id.* at 8.) In short, the plaintiffs "cannot state a claim for fraudulent misrepresentation because they allege Chase intended to perform under the commitment letters." (*Id.*).

In reply, the plaintiffs finally file a copy of a proposed Second Amended Complaint, claiming that the failure to file it before "was a clerical error." (ECF No. 51, fn. 1.) In addition, the plaintiffs contend that Fed. R. Civ. P. 15(a)(2)'s statement that amendments should be freely given "when justice so requires" means that "[t]here is no time limit place[d] on a party's ability to amend a pleading" as long as there is no

5

prejudice to the defendant. (*Id*. at 1-2.) And they contend that the proposed Second Amended Complaint sufficiently alleges that Chase had no present intention to perform, satisfying Rule 9's pleading requirements for fraud claims. (*Id.* at 3.)

**3. Analysis**

As stated above, the court gave three separate reasons for denying the plaintiffs' motion to file a Second Amended Complaint**.** Significant among those reasons was the plaintiffs' failure to comply with Civ. L. R. 15(b)'s requirement that the motion "state specifically what changes are sought by the proposed amendments" and "[t]he proposed amendment must be filed as an attachment to the motion to amend." The purpose of those requirements is to assist the court in determining whether to allow the amendment. Without that information, the court is left to speculate as to the specific nature of the proposed amendment and how it is different from the current pleading. The plaintiffs completely failed to comply with Civ. L. R. 15, leaving Chase and the court to guess as to exactly what the purported new pleading was going to allege and how it was different from the Amended Complaint. Indeed, it was not until May 7, 2019, when the plaintiffs filed their reply brief in support of the current motion—well more than a year after they moved to file the Second Amended Complaint and over six months after Judge Jones denied that motion—that the plaintiffs finally filed their proposed Second Amended Complaint.

As to Judge Jones's conclusion that the plaintiffs' motion to file a Second Amended Complaint was untimely, filed a month after the deadline for such a motion, the plaintiffs' contention that Chase suffered no prejudice from a proposed further amendment ignores the fact that the plaintiffs had already once amended their complaint in response to a motion to dismiss filed by Chase. It was the shortcoming in that amendment that resulted in Chase filing a second motion to dismiss. Allowing serial amendments in response to motions to dismiss results in significant expense to the defendant. Thus, it is simply not true that Chase suffered no prejudice by the plaintiffs' effort to again amend their complaint.

Finally, and most importantly, was Judge Jones's conclusion that further amendment of the plaintiffs' complaint would be futile. The plaintiffs simply take issue with his conclusion. They do not point to any "mistake, inadvertence, surprise, or excusable neglect" that warrants relief from his order as required by Rule 60(b)(1). "The proper forum for challenging the Court's legal rulings is an appeal, not a motion for relief from judgment." *Thompson v. Tourville*, No. 13-CV-333-NJR-DGW, 2015 U.S. Dist. LEXIS 78583, at *5 (S.D. Ill. June 17, 2015) (citing *Parke—Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989)); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Smart Unique Servs. Corp. v. Mortg. Correspondence*, 158 F.R.D. 114, 116 (N.D. Ill. 1994).

For all of these reasons, the plaintiffs' Motion for Relief from Judgment will be denied.

**IT IS THEREFORE ORDERED** that the plaintiffs' "Motion for Relief from Judgment" (ECF No. 46) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge